UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWAR RAFAEL RODRIGUEZ TORRES,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26cv1600 DRL-SJF

OPINION AND ORDER

Immigration detainee Edwar Rafael Rodriguez Torres, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Rodriguez Torres is a citizen of Venezuela who entered the United States without inspection [7-1]. In November 2022, he was encountered by United States Border Patrol agents near the United States-Mexico border in Arizona, who determined that he had entered unlawfully on foot through Mexico; he was served with a notice to appear in immigration court and released on his own recognizance. In October 2026, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings.

He argues that he has been unlawfully denied an opportunity for release on bond while his removal proceedings are pending. He seeks an order requiring that he be released from custody or provided a prompt custody redetermination hearing before an immigration

judge. In an order to show cause, the court directed the Warden to answer the petition in light of *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The Warden was instructed to address why this case differs from *Cirrus Rojas, Aguilar,* and *Singh*, why the court should examine jurisdiction differently, and whether there is cause to address the outcome differently. That response was filed, and Mr. Rodriguez Torres filed a reply.

As noted in the order to show cause, our circuit recently concluded that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. *Cirrus Rojas*, 183 F.4th at 915; *see also De Jesús Aguilar*, 2025 WL 3280219; *Singh,* 2025 WL 3713715; *Mejia Diaz*, 2025 WL 3640419; *cf. Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026) (reading as a 2-1 decision in the result only and at times as a 1-1-1 decision in the rationale). In light of this decision, the Warden concedes that Mr. Rodriguez Torres' detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized custody redetermination hearing. The Warden nevertheless argues that Mr. Rodriguez Torres is not

entitled to habeas relief because he has not yet exhausted his available administrative remedies related to a bond request.

All agree that 8 U.S.C. § 1226 applies. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

Immigration officials issued a warrant for Mr. Rodriguez Torres' arrest [7-1].[1] By statute, a noncitizen detained pursuant to a warrant may be released by the Attorney General (subject to certain statutory limitations that no one argues apply here), or he may be detained pending a decision on whether he will be removed from the United States. *See* 8 U.S.C. §§ 1226(a), (c). Our high court likewise has recognized the permissive nature of this language. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526-27 (2021); *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R.

[1] When Mr. Rodriguez Torres filed the petition, he was unsure if agents had an administrative warrant authorizing his arrest, but the warrant has been produced [7-1].

§§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Both noncitizens and the government alike must comply with our immigration laws, as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. Rodriguez Torres gives no reason to believe this process is insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418

U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The court has the same expectation of compliance for the petitioner—follow the rules. It appears Mr. Rodriguez Torres requested a custody redetermination by an immigration judge in late October 2026, a few days before he filed the petition; as far as the present record reveals, his request remains pending. The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). But when "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

Perhaps he thought it futile to wait for a ruling, because the immigration judge might follow *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). However, in light of the circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden concedes that Mr. Rodriguez Torres is entitled to an individualized custody redetermination

under *Cirrus Rojas*, and principles of judicial estoppel would impact the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). In these circumstances, the appropriate course is to put the ball in his court to complete the administrative process. He does not need a finding from this court that he is covered by § 1226(a), because the circuit held as much in binding precedent, and the Warden agrees that his detention is governed by that statute.

The court is cognizant that the agency cannot adjudicate his due process claim, but a petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and quotations omitted). Mr. Rodriguez Torres may prevail before the immigration judge; and, if not, he has administrative remedies available to challenge an adverse ruling. *See Z.G. v. Olson,* 834 F. Supp.3d 794, 801-02 (N.D. Ind. 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination); *see also Singh v. English*, No. 3:25cv1046, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026) (Brisco, J.) ("[D]iscretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary.") (citation omitted). A favorable ruling in the administrative proceedings could obviate the need to reach his due process claim or, at a minimum, alter its factual basis. *See Z.G.,* 834 F. Supp.3d at 801-02 (requiring exhaustion of

administrative remedies in context of immigration bond determination though petitioner raised due process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings"). The court thus leaves the parties to follow their usual process under § 1226.

As a final matter, within his reply, Mr. Rodriguez Torres argues that he is entitled to release for another reason: his prior release on recognizance was not revoked by an authorized official in accordance with 8 C.F.R. § 236.1(c)(9). He faults the government for failing to respond to this argument; but, after carefully examining the petition, the court concludes that it does not include such a claim.[2] Because the government had no opportunity to address this claim, the court does not reach it today. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) (district courts are "entitled to treat an argument raised for the first time in a reply brief as waived"); *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (habeas petition must "specify all the grounds for relief available to" the petitioner "and the facts supporting each ground"); *see also see also Hawkins v. Vanihel*, 2024 WL 3251289, 3 (7th Cir. July 1, 2024) (applying principle to an argument first raised in a habeas reply).

For these reasons, the court DISMISSES the petition [1] WITHOUT PREJUDICE for lack of exhaustion and DIRECTS the clerk to enter final judgment and close this case.

---

[2] He points to specific paragraphs in the petition, but they relate to his mistaken belief that the government lacked an administrative warrant to arrest him, and his argument that he has not been given a bond hearing or shown to be a flight risk or danger to the community. Although he argued generally that his detention was unlawful, nowhere within these paragraphs, or elsewhere, did he put the government on notice of a claim that his prior release was not revoked in accordance with applicable regulations.

SO ORDERED.

November 24, 2026

*s/ Damon R. Leichty*
Judge, United States District Court